UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
DEBRA GREGORY, an individual,

                 Plaintiff,

          - against -

L'ORÉAL USA INC.; L'ORÉAL USA PRODUCTS, INC.; WELLA OPERATIONS US, LLC; WELLA PROFESSIONALS; COTY, INC.; KOHLBERG KRAVIS ROBERT & CO a/k/a KKR & CO., INC.; GOLDWELL; GOLDWELL NEW YORK; KAO USA, INC.; BRISTOL-MYERS SQUIBB; PROCTER & GAMBLE HAIR CARE LLC; HENKEL a/k/a HENKEL AG & CO. KGaA; SCHWARZKOPF; PRAVANA; CLAIROL; FRAMESI SpA; FRAMKAT L.P. d/b/a FRAMESI NORTH AMERICA; FT PITT FRAMESI LRD.; RENBOW; COSMOPROF SERVICES USA, LLC; SALLY BEAUTY HOLDINGS, INC.; and JOHN DOE CORPORATIONS 1-100, inclusive,

                 Defendants.

---------------------------------------X

**MEMORANDUM AND ORDER**
25 Civ. 10298 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

On December 5, 2025, plaintiff Debra Gregory filed a Notice with Summons relating to this action in New York State Supreme Court, County of New York.  ECF No. 1 ("Notice of Removal") ¶ 1; ECF No. 1-1.  "On about the date the Summons with Notice was filed," ECF No. 20 ("Opp.") at 2, plaintiff served the Summons with Notice on a carefully curated group of only four of the 21 named defendants in this action.  See ECF Nos. 1-3, 1-4, 1-5. Specifically, plaintiff served the Notice with Summons on L'Oreal

1

USA, Inc., L'Oreal USA Products, Inc. (together with L'Oreal USA, Inc., the "L'Oreal Defendants"), Coty, Inc. ("Coty"), and Kohlberg Kravis Robert & Co. ("KKR," and collectively with the L'Oreal Defendants and Coty, the "New York Defendants").  Notably, these four defendants are the only defendants who can be considered citizens of New York.  Notice of Removal ¶¶ 15-17, 19-20.

As initially served on the New York Defendants, plaintiff's Notice with Summons did not include the index number assigned to this case, which is required under New York law.  N.Y. CPLR § 305(a).  Plaintiff's counsel asserts that "counsel did not receive the index number until December 9, 2025."  ECF No. 14 ("Mot.") at 8.  Ultimately, plaintiff's case in state court was given the index number 165814/2025 (the "State Court Action").  Notice of Removal ¶ 1.  Shortly thereafter, on December 11, 2025, defendant Henkel Corporation ("Henkel") removed the case to this Court by filing a Notice of Removal predicated on diversity jurisdiction.  Id. ¶ 5; see also 28 U.S.C. § 1441(a)-(b).  It was not until December 30, 2025 that any defendant was served with a copy of the summons bearing an index number.  See ECF No. 14-1; Mot. at 8 n.2.

As of the date of this writing, plaintiff has not filed or served a complaint in this Court or in state court.  The Summons with Notice includes little information about plaintiff and does not specify plaintiff's state of residence.  See, e.g., ECF No. 1-2.  In its Notice of Removal, Henkel asserts, on information and

belief, that plaintiff "resides in Florida and therefore is a citizen of Florida." Notice of Removal ¶ 13. Plaintiff does not address her domicile in her moving papers. However, in its opposition to this motion, Henkel asserts without citation that "[i]t is not disputed that Plaintiff is a citizen of Illinois[.]" Opp. at 4. Thus, while plaintiff's counsel has not informed the Court of plaintiff's domicile, she does not contend that she is domiciled in New York.

Presently before this Court is plaintiff's motion to remand this case to state court pursuant to 28 U.S.C. § 1447.[1]  ECF Nos. 13-14. For the reasons discussed herein, the Court finds that this case was properly removed to federal court and denies plaintiff's motion to remand.

### BACKGROUND

Because the citizenship of the parties is essential to the Court's consideration of this motion, the Court will briefly

---

[1]    Substantively identical motions to remand were filed in several cases that are presently before this Court as related under Rules for the Division of Business Among District Judges, Southern District of New York Rule 13 and Local Civil Rule 1.6.  See Larson v. John Paul Mitchell Systems et al, No. 25-cv-10280; Rini v. L'Oreal USA, Inc. et al, No. 25-cv-10285; Clarke v. John Paul Mitchell Systems et al, No. 25-cv-10289; Eck v. John Paul Mitchell Systems et al, No. 25-cv-10295; Jiricek v. L'Oreal USA, Inc. et al, No. 25-cv-10299; Estrada v. Kao USA, Inc. et al, No. 26-cv-02997; Loscar v. Kao USA, Inc. et al, No. 26-cv-03174; Hadeler v. Clairol et al, No. 26-cv-03388; Savitski v. L'Oreal USA Inc. et al, No. 26-cv-04096; Dewitt et al v. Loreal USA, Inc. et al, No. 26-cv-04140; Desantis v. L'Oreal USA, Inc. et al, No. 26-cv-04266; Rocco v. Wella Operations US LLC et al, No. 26-cv-04519; Bergman v. Wella Operations US, LLC et al, No. 26-cv-04528; Selvey v. Wella Operations US LLC et al, No. 26-cv-04596.  While the facts recounted in this opinion are specific to this case, the Court anticipates filing opinions incorporating much of this opinion in those cases.

recount the parties' domiciles before analyzing the legal arguments presented by the parties.

## I.    The Parties

As recounted above, plaintiff is not a resident of New York and appears to be domiciled in either Florida or Illinois. See supra pp. 2-3.

Defendant Henkel is incorporated in Delaware and maintains its principal place of business in Connecticut. Notice of Removal ¶ 25.

Of the remaining defendants, four defendants are incorporated in Delaware and maintain their principal place of business in New York: namely, the L'Oreal Defendants, Coty, and KKR, Id. ¶¶ 15-17, 19-20; seven defendants[2] are incorporated in, and maintain their principal place of business in, domestic states other than New York; two defendants[3] are incorporated in, and maintain their principal place of business in, foreign countries[4]; and seven defendants, according to Henkel, are improperly named as separate

---

[2]    (1) Wella Operations US LLC, (2) Sally Beauty Holdings, Inc., (3) Kao USA Inc., (4) Bristol-Myers Squibb, (5) Procter & Gamble Hair Care, LLC, (6) Framkat L.P. d/b/a Framesi North America, and (7) FT Pitt Framesi, Ltd. Id. ¶¶ 18, 21-24, 26, 27.

[3]    (1) Framespi SpA and (2) Renbow. Id. ¶¶ 26, 28.

[4]    It is worth noting that while Wella Operations US LLC is formed in Delaware and maintains a principal place of business in California, its sole member is Waves UK DivestCo. Ltd, a UK company. Id. ¶ 18.

entities when they in fact are merely brand names of other named defendants or the same entity as another defendant.[5]

In sum, of the 14 defendants that Henkel contends are distinct entities, four are New York Defendants, eight are Out-Of-State Defendants, and two are international defendants.

## II.  Procedural History

As noted above, plaintiff commenced this action on December 5, 2025 by filing a Summons with Notice in New York State Court and selectively served the Summons on only the New York Defendants. See Notice of Removal ¶ 1; see also Opp. at 2–3; ECF Nos. 1-3, 1-4, 1-5.  The Summons with Notice was not, at that time, served on the numerous other defendants in this case.

On December 11, 2025, before being served with the Summons with Notice, Henkel removed the State Court Action to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a) by filing a Notice of Removal with supporting exhibits.  See Notice of Removal ¶¶ 5, 11.  Each of the "properly named co-defendants who Plaintiff alleges to have served[,]" Opp. at 3, subsequently consented to removal.  ECF Nos. 5 (L'Oréal USA, Inc.), 6 (L'Oréal USA Products, Inc.), 8 (Sally Beauty Holdings, Inc., Goldwell of New York, Inc., and Beauty Systems Group LLC d/b/a CosmoProf), 12 (Wella Operations US LLC, Coty, Inc., and KKR & Co. Inc.), 15

---

[5]    (1) Clairol, (2) Goldwell, (3) Goldwell New York, (4) Cosmoprof Services US LLC, (5) Pravana, (6) Schwarzkopf, and (7) Wella Professionals.  Id. ¶¶ 18, 21–22, 25.

(Bristol-Myers Squibb and Procter & Gamble Hair Care, LLC), 16 (KAO USA Inc.), 17 (Framkat L.P. d/b/a Framesi North America).[6]

As an exhibit to her motion, plaintiff has filed affidavits of service purportedly showing that defendants were served with a "Summons with Notice and Verified Complaint" between December 30, 2025, and January 2, 2026. See ECF No. 14-1. However, it is disputed whether a complaint was actually served. Henkel maintains that plaintiff "could not have served a 'Verified Complaint' [because] no Complaint has yet been filed in this Court or in the underlying state court proceeding." Opp. at 1 n.2. Shortly thereafter, on January 9, 2026, plaintiff filed a motion to remand this case to state court. ECF No. 14. Henkel opposed plaintiff's motion on January 23, 2026, ECF No. 20, and plaintiff's reply brief was filed on January 30, 2026, ECF No. 23 ("Reply"). On January 23, 2026, the L'Oréal Defendants filed a letter requesting "to join [Henkel's] Opposition to Plaintiff's Motion to remand . . . and thereby adopt the arguments made therein." ECF No. 22. The L'Oréal Defendants' request to join Henkel's opposition is hereby granted.

---

[6]     Henkel notes in its opposition that "[u]pon information and belief, Ft. Pitt Framesi Ltd. is no longer an active company, but Framkat LLP, allegedly served at the same address and upon the same person, has filed its Consent to Removal[,] [and] Plaintiff does not claim to have served Framesi SpA nor Renbow." Opp. at 3 n.3.

## LEGAL STANDARDS

Under Section 1441(a) of Title 28 of the United States Code, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  Federal district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" in cases between (1) "citizens of different States[,]" (2) "citizens of a State and citizens or subjects of a foreign state," and (3) "citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]" 28 U.S.C. § 1332(a)(1)-(3).

However, a "civil action otherwise removable solely on the basis of [diversity jurisdiction] under [28 U.S.C. § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2) (emphasis added).  This limitation is known as the "forum defendant rule."  See, e.g., Gibbons v. Bristol-Myers Squibb Co., 919 F.3d 699, 704-05 (2d Cir. 2019).

Finally, "[w]hen a party removes a state court action to the federal court on the basis of diversity of citizenship, and the

7

party seeking remand challenges the jurisdictional predicate for removal, the burden falls squarely upon the removing party to establish its right to a federal forum by 'competent proof.'" R.G. Barry Corp. v. Mushroom Makers, Inc., 612 F.2d 651, 655 (2d Cir. 1979), overruled in part on other grounds by Hertz Corp. v. Friend, 559 U.S. 77 (2010) (quoting McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936)); see also Stan Winston Creatures, Inc. v. Toys "R" Us, Inc., 314 F. Supp. 2d 177, 179 (S.D.N.Y. 2003) (same).

## DISCUSSION

In this case, most of the facts bearing on whether removal was proper are not disputed.

### a. Diversity Jurisdiction

First, it is undisputed that plaintiff seeks damages that exceed $75,000.  Mot. at 4; Opp. at 1; ECF No. 1-3 at 6 ("Should Defendant(s) fail to appear herein, judgment will be entered by default for the sum of $10 million[.]").  Second, although plaintiff has not made any representation about her citizenship, counsel does not dispute that the parties are completely diverse. See Mot. at 4; Opp. at 1.[7]

---

[7]    Plaintiff, in a footnote, briefly contends that the inclusion of John Doe Corporation defendants in this case "defeats complete diversity between the parties." Mot. at 8 n.3.  Plaintiff's position is directly contradicted by the removal statute, which reads: "[i]n determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. 1441(b)(1) (emphasis added).  Courts in this district have routinely applied

Additionally, the parties do not dispute that this Court is the proper venue for purposes of removal.  Under 28 U.S.C. § 1441(a), cases originally brought in state court are to be removed "to the district court of the United States for the district and division embracing the place where such action is pending."  Thus, the Southern District of New York is the proper venue for removal when a case originally brought in the Supreme Court of New York, New York County is removed.[8]  See, e.g., New Asia Enterprises Ltd. v. Fabrique, Ltd., 2014 WL 3950901, at *1 n.1 (S.D.N.Y. Aug. 13, 2014) ("Venue is proper here because the action was removed from the New York Supreme Court in New York County.").

### b. Consent to Removal

"[W]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).  In this case, each of the properly named co-

---

this language to reject plaintiff's argument.  See e.g., Lederman v. Marriott Corp., 834 F. Supp. 112, 113 (S.D.N.Y. 1993) ("So-called 'Doe' defendants are disregarded for purposes of determining diversity of citizenship jurisdiction under 28 U.S.C. § 1332 in cases removed to United States district courts pursuant to 28 U.S.C. § 1441."); Diego Beekman Mut. Hous. Ass'n Hous. Dev. Fund Corp. HDFC v. Dish Network, L.L.C., 2016 WL 1060328, at *7 (S.D.N.Y. Mar. 15, 2016) ("[T]he citizenship of John Does is disregarded for the purposes of ascertaining a court's subject matter jurisdiction over an action removed from state court.").  Accordingly, the presence of John Doe Corporation defendants does not defeat diversity jurisdiction for purposes of removal.

[8]    The Court's conclusion that venue is proper in the Southern District of New York is cabined to venue for purposes of removal.  At this juncture, we need not opine on the broader question of venue for purposes of a motion to transfer under 28 U.S.C. § 1404 should such a motion be made.

defendants who plaintiff purportedly served have filed notices of consent to removal.[9]  See supra p. 5.  Plaintiff does not dispute that defendants have consented.  Accordingly, the consent requirement of 28 U.S.C. § 1446(b)(2)(A) is met.

### c. Timeliness of Removal

While not disputed by plaintiff, we note, for the avoidance of doubt, that removal in this case was timely.  Under 28 U.S.C. § 1446(b)(1), a notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"  Henkel filed its Notice of Removal on December 11, 2025, six days after the State Court Action was filed.  Notice of Removal.  Thus, removal was timely.

### d. The Forum Defendant Rule

Despite the parties' broad agreement on the amount in controversy, diversity of the parties, defendants' consent to removal, and the timeliness of removal, the motion before the court is addressed to whether removal was proper.  Plaintiff argues that the forum defendant rule applies to bar removal because the New

---

[9]    Henkel notes in its opposition that despite defendants' consent to removal, "[n]one of the Defendants concede that service was proper and reserve the right to file a separate motion contesting service." Opp. at 8 n.5.  For the avoidance of doubt, we note that this opinion does not address the propriety of any attempted service for purposes beyond considering application of the forum defendant rule as discussed herein.

York Defendants were properly joined and served in the State Court Action before removal.  In rebuttal, defendants maintain that the forum defendant rule does not apply because the Summons with Notice served on the New York Defendants did not include an index number as required by New York law, meaning that none of the New York Defendants were properly joined and served prior to removal.  Thus, the question that we must answer is whether, on the facts of this case, service of a summons without an index number complies with New York law as to trigger the forum defendant rule.

The forum defendant rule provides that a suit that is "otherwise removable solely on the basis of . . . [diversity of citizenship] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  Gibbons, 919 F.3d at 704-05 (internal quotation marks omitted) (alteration in original); see also 28 U.S.C. § 1441(b)(2).  However, the forum defendant rule "is inapplicable until a home-state defendant[,]" i.e., a defendant that is a citizen of New York, "has been served in accordance with state law; until then, a state court lawsuit is removable[.]"  Gibbons, 919 F.3d at 705.

### 1. The New York Defendants

As recounted above, it is undisputed that plaintiff is not a New York resident and the parties are completely diverse for purposes of diversity jurisdiction.  However, four defendants in

11

this case have their principal place of business in New York, potentially triggering the forum defendant rule: the L'Oreal Defendants, Coty, and KKR.[10]  Notice of Removal ¶¶ 15-17, 19-20; see also 28 U.S.C. § 1332(c) (For purposes of diversity jurisdiction and removal, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]").

For the forum defendant rule to apply, it must be the case that at least one of the New York Defendants was "properly joined and served" prior to removal.  28 U.S.C. § 1441(b)(2).

### 2. Service Upon the New York Defendants

In support of her motion, plaintiff attached affirmations of service attesting that a "Summons with Notice and Verified Complaint" was served on the defendants.[11]  ECF No. 14-1.  As Henkel accurately points out, these affirmations show that the Summons with Notice and Verified Complaint was served on defendants between December 30, 2025, and January 2, 2026, at least 19 days after Henkel removed this case, and nearly four weeks after plaintiff initially served the Notice with Summons on only the New York Defendants.  Id.  Thus, plaintiff cannot rely on the service of

---

[10]    The other defendants in this case are herein referred to collectively as the "Out-Of-State Defendants."

[11]    As noted above, supra p. 6, it is disputed whether plaintiff has actually served a complaint in this action even as of the time of this writing.

these documents to render the forum defendant rule applicable in this case because removal is evaluated at the time the Notice of Removal is filed.  Vera v. Saks & Co., 335 F.3d 109, 116 n.2 (2d Cir. 2003) ("[W]e generally evaluate a defendant's right to remove a case to federal court at the time the removal notice is filed." (citing Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939)). Therefore, whether the forum defendant rule applies in this case will turn on the effectiveness of plaintiff's service of the Summons with Notice upon the New York Defendants on or around December 5, 2025.

New York law unambiguously requires that a "summons . . . shall bear the index number assigned. . . ."  N.Y. CPLR § 305(a). The Notice with Summons served only on the New York Defendants prior to removal did not include the index number.  See, e.g., ECF Nos. 1-3, 1-4, 1-5.  Accordingly, as a straightforward application of the statute, the Notice with Summons served on the New York Defendants was defective and the forum defendant rule is inapplicable.

Plaintiff urges this Court to reach a different conclusion by arguing that "the absence of an index number" on a notice with summons "does not invalidate service."  See Mot. at 6-9.  Plaintiff relies most heavily on Slutzky v. Aron Estates Corp., 597 N.Y.S. 2d 997 (N.Y. Sup. Ct. 1993).  In Slutzky, one defendant argued that "since the summons served did not contain an index number, it

was a nullity." Id. at 1001. The Slutzky court, however, noted that the defendant's argument rested on "former section 306-a of the CPLR . . . [which] read 'Service of a summons which does not bear an assigned index number shall be deemed a nullity.'" Id. That section had been repealed by the time Slutzky was decided and subsequently replaced with a "new filing and service scheme" under which "the summons served must bear the index number." Id. Between the repeal of the former section 306-a and the enactment of the "new filing and service scheme[,]" there was no comparable New York statute requiring that a summons bear the index number of the case. Id. It was during this period that the summons in Slutzky was served. In this context, the court explicitly noted that "[w]hether the failure to set forth the index number on the summons served would render service a nullity . . . is not properly before the Court because the subject service occurred during the transitional phase of July 1, 1992-December 31, 1992, where the plaintiffs could serve the summons without an index number indicated thereon." Id. at 1001-02.

Thus, plaintiff's reliance on Slutzky is wholly misplaced as Slutzky explicitly did not address the law applicable here. The Slutzky court was clear that its holding did not address whether the lack of an index number rendered service ineffective under the current and applicable law because the opinion was cabined to the

14

"transitional phase" during which a summons was not required to bear an index number.

The other cases that plaintiff cites for her argument that the lack of an index number on a summons is a "mere irregularity" that "does not invalidate service of process," Mot. at 7, are equally inapplicable in the removal context.  The majority of those cases considered whether a plaintiff's case should be dismissed when an index number was not included or was otherwise inaccurate. See National Union Fire Insurance Co. v. Hugee, 661 N.Y.S.2d 744, 746-47 (N.Y. Sup. Ct. 1997) (declining to dismiss on the basis that the notice lacked an index number where plaintiff timely filed an amended notice and "no prejudice [could] be shown and there [was] no jurisdictional defect"); Chira v. Global Medical Review, Inc., 609 N.Y.S.2d 511, 511-12 (N.Y. Sup. Ct. 1994) (declining to dismiss on the basis of a missing index number because the missing index number "was not a jurisdictional defect[.]"); Tufano v. Tufano, 220 A.D.2d 407, 408 (N.Y. App. Div. 1995) (affirming, inter alia, the denial of a motion to dismiss in part because "any error in the transcription of th[e] index number was a mere irregularity rather than a jurisdictional defect.") (emphasis added); Cruz v. New York City Housing Auth., 269 A.D.2d 108, 109 (N.Y. App. Div. 2000) ("[A] failure to comply with the technical requirements of CPLR 305(a) does not warrant dismissal unless there is a showing of prejudice caused by such defect.") (emphasis added); Horvath v.

15

Progressive Cas. Ins. Co., 882 N.Y.S.2d 822, 827 (N.Y. Dist. Ct. 2009) (declining to dismiss a case because of an improper index number based on 2007 amendments to the CPLR meant to "foreclose dismissal of actions for technical . . . non-prejudicial defects" such as a failure to purchase an index number) (emphasis added).

The circumstances in the cases just reviewed are manifestly different from this case.  Here, the question is not whether plaintiff's case should be dismissed, but rather whether this case will proceed in state or federal court.

The other cases cited by plaintiff are similarly inapposite as they do not arise in the context of removal.[12]  See Contractors Comp. Tr. v. $49.99 Sewer Man, Inc., 161 N.Y.S.3d 726, 732 (N.Y. Sup. Ct. 2022) (noting in dicta, in a case that did not concern removal, that CPLR 2101(f), which allows for correction of papers, was limited to "the correction of defect[s] in the form of . . . paper[s], such as . . . the omission of an index number.") (internal quotations and citations omitted); Powell v. Fink, 972 N.Y.S.2d 146, 2013 WL 1845727, at *3 (N.Y. Co. Ct. 2013) (noting that "[d]efects in proof of proper service[,]" not in the service

---

[12]    Plaintiff cites to two cases considering removal issues that briefly mention CPLR 305, but neither is relevant here.  The first was remanded because "all parties appear to reside in New York," thus destroying diversity jurisdiction, G.T. by Reyes v. Bronx Lebanon Hosp. Center, 2023 WL 2237799, at *3 (S.D.N.Y. Feb. 27, 2023), and the second was remanded because the amount in controversy was "to a legal certainty, insufficient to demonstrate that the Plaintiff could recover more than $75,000 in damages on her claim," Gucciardo v. Reliance Ins. Co., 84 F. Supp. 2d 399, 405 (E.D.N.Y. 2000).  Neither case grappled with whether the lack of an index number had any bearing on removal or the forum defendant rule.

itself, "go to form and not to jurisdiction") (emphasis added); Nikolaidis v. Makita Corp., 242 A.D.2d 322, 323 (N.Y. App. Div. 1997) (allowing the amendment of a summons "to reflect the correct filing date and index number" where plaintiff initially served the summons with the date and index number for a different case). Indeed, one of plaintiff's cases does not concern the omission of an index number at all, but rather the failure to include the date of filing on the summons. Cellular Tel. Co. v. Village of Tarrytown, 209 A.D.2d 57, 64-65 (N.Y. App. Div. 1995) ("[W]e find that the initial omission of the filing date under these circumstances did not result in any prejudice to the defendants and dismissal of the action was not warranted.") (emphasis added).[13]

Neither party directs the Court to case law that is squarely on point. That is to say, the parties have not cited a case in which CPLR § 305(a)'s requirement that a summons bear the index number was discussed in the context of a removal implicating the forum defendant rule. In an effort to fill the void, plaintiff argues that "[a]llowing Defendants to remove this case would

---

[13]    Henkel points the Court to contrary case law. Opp. at 10-11 (citing Jamestown 88 Leonard, L.P. v. Prime Essentials, LLC, 2021 WL 2980645, at *1 (N.Y. Sup. Ct. July 12, 2021) ("[T]he action must be dismissed because the complaint was served without an index number, in violation of CPLR 305(a).")). To be sure, Jamestown involved additional defects besides the lack of an index number that further supported dismissal. Jamestown, 2021 WL 2980645, at *1. Nonetheless, the fact that at least one New York court, in a case decided after many of plaintiff's cited cases, has found that the lack of an index number supports dismissal further weakens plaintiff's position.

17

elevate form over substance—and would prejudice plaintiff."  Mot. at 8.  Plaintiff's arguments on prejudice are misplaced.

As an initial matter, plaintiff's claim of prejudice is hollow as the wound here is self-inflicted.  Plaintiff points to no reason – such as an expiring statute of limitations – to justify her race to serve the New York Defendants with a Summons with Notice.

Further, case law in this Circuit supports the conclusion that strict compliance with the statutory requirements of service is required before the forum defendant rule applies.  As another court in this district has recently observed, "however arbitrary it may seem, an in-state defendant may side-step the Forum Defendant Rule by removing the case before being served[.]"  Lask v. Rhee-Karn, 2025 WL 2717474, at *4 (S.D.N.Y. Sep. 24, 2025).

Strict compliance is required even when the removing defendant is itself an in-state defendant.  In Uzoigwe v. Charter Commc'ns, LLC, the Second Circuit considered the forum defendant rule when service upon a New York defendant was attempted under CPLR § 312-a(b), which governs personal service by mail.  2025 WL 1257578, at *2 (2d Cir. May 1, 2025) ("There is no dispute that Charter, a New York resident, filed its notice of removal before returning the required acknowledgment of service. . . .") (emphasis added).  Under CPLR § 312-a(b), service is not complete until the defendant, or its authorized attorney or employee, completes an acknowledgement of receipt and mails or delivers it back to the

18

sender.   In other words, even if a plaintiff has done everything he needs to do to complete service, service under this provision is nonetheless ineffective until the defendant responds.  Applying that provision, the Uzoigwe court found that the forum defendant rule did not apply until service was completed by the defendant's response, holding that "[e]ven though [plaintiff] did all that was required of him, and even if he is correct that [defendant's] delay in returning the Acknowledgement was unjustified . . . [defendant's] delay nevertheless suffices to defeat the applicability of the forum defendant rule."   Id. (internal quotation marks omitted).

The Second Circuit's holding stands for the proposition that strict compliance with state rules of service is mandatory in the removal context.  Even if we were to assume arguendo that removal under those circumstances prioritizes form over substance, that would not change the fact that the Second Circuit has determined that removal in the forum defendant context is proper where state rules of service have not been strictly complied with.

A finding that the forum defendant rule does not apply is even more justified in this case considering that plaintiff's actions appear to have been intentionally tailored to prevent the Out-Of-State Defendants from removing this case to federal court. It was plaintiff's decision, and plaintiff's alone, to initiate this case without filing and serving a formal complaint.  Instead,

19

plaintiff chose to proceed with only a Summons with Notice, and she chose to proceed with selective service of that Summons on only the New York Defendants before receiving an index number. There was little reason for plaintiff to serve the Summons on only the New York Defendants unless she was doing so to prevent the Out-Of-State Defendants from removing this case. Under these circumstances, the Court declines to ignore the facial invalidity of plaintiff's summons to apply the forum defendant rule.

Plaintiff's argument that she will be prejudiced by litigating in this Court rather than in New York state court fares no better. It is undisputed that plaintiff is not a New York resident and therefore has no compelling interest in litigating this case in a New York state court. At most, the prejudice to plaintiff from Henkel's removal is limited to proceeding in federal court in the same state, and, in fact, within a single block. Further, whatever the arguable prejudice would be to a New York plaintiff whose case was removed to federal court, that prejudice is non-existent here because plaintiff is not a New York resident.

To the contrary, the Out-Of-State Defendants have a strong interest in this case proceeding in federal court. Indeed, an out-of-state defendant's right to proceed in federal court dates back to the Judiciary Act of 1789. See, e.g., Green v. Custard, 64 U.S. 484, 487 (1859) (reversing an order of remand because "the United States court had jurisdiction of this case[,]" originally

20

brought in state court but removed on diversity grounds, "by virtue of the 12th section [of the Judiciary Act of 1789]."); see also id. at 485 ("The right to have his case tried in the Federal court, in a proper case for removal, is an absolute legal right in the party so removing it.").

On reply, plaintiff argues that "Henkel conflates the issue of prejudice in having to litigate in state court with the issue of whether Defendants were somehow prejudiced by the absence of an index number. . . ." Reply at 7. Not so. The Out-Of-State defendants have a statutory right to remove this case to federal court until such time as a New York Defendant was properly joined and served. 28 U.S.C. § 1441(a)-(b). By singling out the New York Defendants for early service, plaintiff undertook deliberate efforts to undermine the moving defendant's right to removal. Whether the New York Defendants were properly joined and served bears directly on the Out-Of-State Defendants' right to remove and the prejudice that would result from the denial of that right.

In sum, CPLR § 305(a) clearly and unambiguously requires every summons to bear the index number of the action. The limited case law in this Circuit supports strict application of that mandate in the context of the forum defendant rule, and thus, considering plaintiff's deficient summonses served only on the New York Defendants, the forum defendant rule does not apply in this case. Moreover, the facts of this case are especially compelling. Here,

21

a non-New York plaintiff engaged in a strategic effort to prevent numerous out-of-state defendants from exercising their statutory right to removal.  In these circumstances, Henkel's removal was proper and effective.

Our holding does not, as plaintiff argues, "make it seemingly if not literally impossible to serve a defendant before the action was removed[,] [and] render the forum defendant rule pointless." Mot. at 9.  The fact that an out-of-state defendant <u>can</u> remove a case under <u>these circumstances</u> does not mean that a defendant can or will do so in every case.  Indeed, as plaintiff herself points out, plaintiff's counsel received the index number for the State Court Action on Tuesday, December 9, 2025.  Mot. at 8.  Henkel did not file its notice of removal in this case until December 11, 2025.  Notice of Removal.  Plaintiff could have, therefore, served the Summons with Notice with an index number on the New York Defendants on December 9 or December 10, 2025 to bar removal. Plaintiff points to no reason that she could not have waited to serve her Notice with Summons until she had received the index number, at which point service could have been effectuated in accordance with New York law.

**CONCLUSION**[14]

For the foregoing reasons, the Court denies plaintiff's motion to remand.  The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 14.


Dated:    June 25, 2026
          New York, New York

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

---

[14]    The Court understands that Henkel requested oral argument.  See Opp. However, given that our holding is based on clear legal doctrine, the Court determined that oral argument would not be productive.